**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE MIGUEL GOMEZ-CRUZ, | No. 11-72208 |
| Petitioner, | Agency No. A090-726-181 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Jose Miguel Gomez-Cruz, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's finding that Gomez-Cruz failed to establish eligibility for cancellation of removal because he did not demonstrate the requisite ten years of continuous physical presence in the United States. *See* 8 U.S.C. § 1229b(d)(2) (departure in excess of 90 days breaks continuous physical presence). Accordingly, Gomez-Cruz's cancellation of removal claim fails.

Substantial evidence also supports the agency's determination that Gomez-Cruz failed to establish he was persecuted in the past or has a well-founded fear of future persecution on account of a protected ground based on his experiences of crime in his home town. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Further, the record does not compel the finding that Gomez-Cruz's fear of being unable to pay for his son's medical care in Mexico is on account of a protected ground. *See id.* at 1015 (applicant must "demonstrate that one of the five protected grounds will be at least one central reason for his persecution.").

Gomez-Cruz's contentions that the agency discounted the potential harms to him or to his son or that the BIA conducted an improper review of the IJ's decision are not supported by the record. Consequently, his asylum claim fails.

Because Gomez-Cruz failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT protection because Gomez-Cruz failed to demonstrate it is more likely than not he will be tortured by or with the consent or acquiescence of the Mexican government if returned. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**